UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMARCUS ANTWONE CROWLEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-132-HAB-SLC |
| SHERIFF, et al., | |
| Defendants. | |

OPINION AND ORDER

Jamarcus Antwone Crowley, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Crowley is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Crowley is being detained at the Allen County Jail pending trial. He claims that sometime between February 17, 2023, and February 20, 2023, jail staff mishandled his "legal mail." Specifically, he claims he received a piece of mail that had been opened

and copied and the copy provided to him. He is unsure what happened to the original but suspects jail staff "are reading my legal mail trying to find something to use in retaliation." (ECF 1 at 2.) He sues the Sheriff of Allen County, the Jail Commander, and the Jail's "mailroom staff" seeking monetary damages and other relief.

Inmates have a First Amendment right to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Legal mail" is entitled to greater protection, but this a term of art referring only to mail to or from the inmate's legal counsel. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). This type of mail cannot be opened outside the inmate's presence so as to protect his privileged communications with his attorney, but it must be marked with an attorney's name and contain a warning on the envelope that it contains legal mail. *Id.*

Mr. Crowley does not allege that jail staff opened mail to or from his attorney clearly designated as such outside his presence. He does not clearly describe the mail that was opened and copied, but it appears from other statements he makes that the mail was sent to him by the court in another civil rights case he filed.[1] Public filings and court orders are not considered "legal mail." *Id.* An inmate's non-legal mail can be opened and inspected for contraband even outside of his presence without violating the First Amendment. *See Kaufman*, 419 F.3d at 686; *Rowe*, 196 F.3d at 782. To the extent he is

---

[1] Mr. Crowley currently has three other civil rights cases pending in this District in addition to this one. *See Crowley v. Galperin, et al.*, 1:23-CV-59-HAB-SLC (N.D. Ind. filed Feb. 9, 2023); *Crowley v. Warden, et al.*, 1:23-CV-122-HAB-SLC (N.D. Ind. filed Mar. 22, 2023); *Crowley v. Allen County Jail Staff, et al.*, 1:23-CV-136-HAB-SLC (N.D. Ind. filed March 29, 2023).

claiming jail staff violated internal policies in connection with the handling of mail sent from a court, this cannot form the basis for a claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

Although unclear, he may be alleging unlawful retaliation. To allege a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). Filing a grievance or lawsuit qualifies as "protected activity" for purposes of a First Amendment claim. *Holleman v. Zatecky*, 951 F.3d 873, 879 (7th Cir. 2020).

The court will presume that Mr. Crowley's filing of the civil rights case constituted protected activity. However, he has not alleged any actual deprivation he suffered that would "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Nor has he alleged a plausible link between any deprivation he suffered and the filing of the prior suit. He has not alleged a retaliation claim.

He may also be claiming a violation of his Fourteenth Amendment due process rights. "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the "Fourteenth Amendment's Due Process Clause prohibits holding pretrial

detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.*

There is insufficient factual content from which the court could plausibly infer that Mr. Crowley's mail was opened, copied, and the copies given to him in order to punish him. Additionally, inspecting a piece of incoming mail for contraband or other security threat cannot be considered arbitrary or purposeless in the correctional setting. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."); *Koutnik v. Brown*, 456 F.3d 777, 784 (7th Cir. 2006) ("security" and "order" are legitimate justifications for examining inmates' mail). He has not alleged a due process claim.

Given that the mail at issue pertained to a lawsuit, he may be claiming a denial of his right of access to the courts. Inmates are entitled to meaningful access to the courts under the Fourteenth Amendment, but there is no "abstract, freestanding right" to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, an access-to-the-courts claim hinges on whether there was prejudice to a non-frivolous legal claim. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) ("[O]nly if the defendants' conduct prejudices a

4

potentially meritorious [claim] has the right been infringed."). Thus, to state a claim, the inmate is required to "spell out" in at least minimal detail the connection between the defendant's conduct and the resulting prejudice to a potentially meritorious legal claim. *Id.* Mr. Crowley has not done that here, because he does not allege prejudice to a non-frivolous legal claim as a result of one piece of mail being opened and copied.

Additionally, two of the defendants he sues are high-ranking officials with no apparent involvement in this incident. There is no *respondeat superior* liability under 42 U.S.C. § 1983, and these officials cannot be held liable for damages simply because they oversee operations at the jail or supervise other jail staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The third defendant he identifies as "mailroom staff," but this appears to be a group of people working at the jail, not a "person" or suable entity that can be held liable for constitutional violations under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **August 14, 2023**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on July 13, 2023.

                                               s/ *Holly A. Brady*
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT